**UNITED STATES DISCTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No.: 9:19-cv-81111

JOSE A. RIVERA,

      Plaintiff,

V.

PALM BEACH COUNTY,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Jose A. Rivera ("Rivera"), by and through undersigned counsel, hereby moves this Court pursuant to Rule 56.1 an order granting summary judgment in Plaintiff's favor. There is no genuine issue of material fact to support a denial of Plaintiff's allegations. Accordingly, Rivera is entitled to a judgment as a matter of law on all issues.

**PROCEDURAL HISTORY AND PARTIES**

This case was filed in state court on July 8, 2019. Defendant was served with summons on July 18, 2019. The case was removed to the United States District Court Southern District of Florida on August 7, 2019. This is a seven count complaint consisting of Discrimination – Title VII (as amended § 42 USC), Discrimination Race – 42 USC Section 1981, Discrimination National Origin – Title VII (as amended § 42 USC), Discrimination Race – Florida Civil Rights Act, Discrimination National Origin

– Florida Civil Rights Act, Gender Discrimination Title VII, and Gender Discrimination Florida Civil Rights Act. Plaintiff alleges that he was treated differently, terminated, than other similarly situated individuals due to his membership in a protected class.

## **STANDARD OF REVIEW**

1. Rule 56 of the Federal Rules of Civil Procedure state, "The court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). *PNC Bank, N.A. v. Progressive Emplr. Servs. II*, 55 So. 3d 655, 658 (Fla. 4th DCA 2011). Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Cohen v. Arvin*, 878 So. 2d 403, 405 (Fla. 4th DCA 2004). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." *Albelo v. S. Bell*, 682 So. 2d 1126, 1129 (Fla. 4th DCA 1996). "[A]ll inferences must be made in favor of the non-

moving party." *Cohen*, 878 So. 2d at 405. *Arp v. Waterway E. Ass'n*, 217 So. 3d 117, 120 (Fla. 4th DCA 2017).

**CLAIMS UPON WHICH JUDGMENT IS SOUGHT**

**I.     Plaintiff is entitled to Summary Judgment on Count I – Discrimination Race – Title VII, as amended § 42 USC § 2000e et seq.**

1.  Burden of proof and elements

In discriminatory discipline cases, the Plaintiff must prove that he is 1) a member of a protected class and either 2) that he did not violate the work rule, or that he engaged in misconduct similar to that of a person outside the protected class, and 3) that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar conduct. *Fla. Dep't of Child. & Families v. Shapiro*, 68 So. 3d 298, 305 (Fla. 4th DCA 2011).

2.  Elements proven by the plaintiff

Element 1: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

Element 2: The Plaintiff did not violate the work rule or he engaged in misconduct similar to that of a person outside the protected class, and that the

disciplinary measures enforced against him were more severe than those enforced against the other person outside of the protected class.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b. Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c. Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings

Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

d.  Odette Powell engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment" according to testimony provided by Director Forbes under direct examination, during deposition. Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

e.  Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

f.  Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

g.  Director Forbes admitted to making the statement, "You have an African-American male leading a bus company in Palm Beach County" said Forbes. We look for the best in class first including African Americans. It's something that you have

to do intentionally." in an interview conducted with WFLX on January 14, 2020. Forbes Dep. 27-28; 9-2 June 22, 2020.

Element 3: Plaintiff, as a Hispanic male, was the only person intentionally terminated for a verbal altercation involving a passenger or member of the public of those individuals identified through discovery which was more severe than any action enforced against members in other protected classes. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017. There is a de facto disparity in the treatment of the Plaintiff in comparison to non-Hispanic bus drivers in Palm Tran employ.

## II.     Plaintiff is entitled to Summary Judgment on Count II – Discrimination Race – 42 USC Section 1981

1. Burden of proof and elements

In order to establish a prima facie case of disparate treatment based on race, Plaintiff must establish 1) they are members of a protected class, 2) that they were entitled to or qualified for their positions, 3) that Plaintiff suffered adverse employment action, and 4) that plaintiff was treated less favorably than similarly situated employees who were not members of the protected class. *Hanley, et al. v. The Sports Authority, et al.,* 143 F. Supp. 2d 1351, 1355 (S.D. Fla. 2000). Individuals are similarly situated when they are involved in the same activity or are accused of

committing the same or nearly identical infraction. *Fla. Dep't of Child. & Families v. Shapiro*, 68 So. 3d 298, 305 (Fla. 4th DCA 2011). "Exact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples." *Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999).

2. <u>Elements proven by the plaintiff</u>

<u>Element 1</u>: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

<u>Element 2</u>: The Plaintiff was qualified for his position. Defendant can offer no evidence that Plaintiff was not fully qualified to perform the duties of a bus driver in the employ of Palm Tran and has made no assertions as such.

a. Andres Robinson, a black male, passed up a waiting passenger and only received a one-day suspension. Lewis Dep. 13: 15 August 14, 2020. He is qualified to work at Palm Tran.

b. Andres Robinson, a black male, committed infractions which were grounds for termination but still works at Palm Tran. Forbes Dep. 36: 1-8 June 22, 2020.

c. Meredith Collins, a black female, was arrested while wearing a Palm Tran uniform and still works at Palm Tran. Forbes Dep. 42: 6-18 June 22, 2020.

d.  Mr. Forbes admitted that it was unacceptable for Meredith Collins, a black female, to use the bus in the commission of a crime however she is still employed as a bus driver with Palm Tran. Forbes Dep. 45-47: 6-9 June 22, 2020.

e.  Mike Wallace, a black man, was hired with a criminal record which contained stolen property, battery hold for recommit-recommit arson, possession of firearm, possession destructive device case, battery community VOP, grand theft auto, concealed fire arm, contempt of court and trespass. Forbes Dep. 33: 24-12 June 29, 2020. Since that time, he was promoted with Director Forbes having final approval. Forbes Dep. 36: 4-19 June 29, 2020.

f.  On June 29, 2012, Constance Killings, a black female, refused service to a passenger by driving away after letting the passenger rack their bicycle resulting in the passenger's bicycle being stolen Lewis Dep. 32: 13 August 14, 2020. Constance Killings was also suspended because of her altercation with Odette Powell. Lewis Dep. 45; 10 August 14, 2020.

g.  Odette Powell, black female, closed the door on a passenger in a careless manner on May 9, 2015. Lewis Dep. 69: 7 August 14, 2020. Odette Powell remains employed with Palm Tran. Lewis Dep. 71: 17 August 14, 2020.

h.  Cassandra Bradley, black female, received disciplinary/corrective action for being a discourteous driver which involved engaging in a discussion with a passenger which bothered another passenger. Lewis Dep. 59: 6 August 14, 2020.

Element 3: The Plaintiff suffered adverse employment action of being terminated. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017.

Element 4: The Plaintiff was treated less favorably than similarly situated employees who were not members of the protected class.

a.  Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b.  Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran

Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c.  Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

d.  Odette Powell engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment" according to testimony provided by Director Forbes under direct examination, during deposition. Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

e.  Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

f.  Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

g.  Director Forbes admitted to making the statement, "You have an African-American male leading a bus company in Palm Beach County" said Forbes. We look for the best in class first including African Americans. It's something that you have to do intentionally."  in an interview conducted with WFLX on January 14, 2020. Forbes Dep. 27-28; 9-2 June 22, 2020.

### III.  Plaintiff is entitled to Summary Judgment on Count III – Discrimination National Origin – Title VII, as Amended § 42 USC § 2000 et seq.

1. <u>Burden of proof and elements</u>

In order to establish a prima facie case of disparate treatment based on national origin, Plaintiff must establish 1) they are members of a protected class, 2) that they were subjected to disparate treatment, 3) that national origin was a motivating factor and negatively affected the terms, conditions, and privileges of employment, and 4) that defendant acted intentionally, purposefully, maliciously and/or with reckless indifference to Plaintiff's rights was treated less favorably than similarly situated employees who were not members of the protected class.

*Hanley, et al. v. The Sports Authority, et al.,* 143 F. Supp. 2d 1351, 1355 (S.D. Fla. 2000). "Congress has . . . amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, *sex,* or national origin was *a motivating factor* for any employment practice, even though other factors also motivated the practice' (emphasis added))"). *Sunbeam TV Corp. v. Mitzel,* 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012).

2.  Elements proven by the plaintiff

Element 1: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

Element 2: The Plaintiff was subjected to disparate treatment based upon his National Origin. Rivera, at most, engaged in conduct which was significantly less than conduct engaged in by similarly situated individuals not in his protected class and received substantially greater punishment.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a

fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b.  Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c.  Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

d.  Odette Powell engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment" according to testimony provided by Director Forbes

under direct examination, during deposition. Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

e.  Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

f.  Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.


Element 3: National origin was a motivating factor for the adverse actions because it is the distinguishing factor under *McDonnell Douglas v. Green,* 411 U.S. 792 (1973).

Element 4: The Plaintiff was intentionally terminated by Palm Tran. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017.

**IV.    Plaintiff is entitled to Summary Judgment on Count IV – Discrimination Race – Florida Civil Rights Act**

1.  Burden of proof and elements

In discriminatory discipline cases, the Plaintiff must prove that he is 1) a member of a protected class and either 2) that he did not violate the work rule, or that he engaged in misconduct similar to that of a person outside the protected class, and 3) that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar conduct. *Fla. Dep't of Child. & Families v. Shapiro*, 68 So. 3d 298, 305 (Fla. 4th DCA 2011). Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts. *State v. Jackson*, 650 So. 2d 24, 27 (Fla. 1995). Any changes to federal case law on Title VII interpretation necessitates a change in the interpretation of the FCRA. *Palm Beach Cty. Sch. Bd. v. Leha "bonnie" Wright*, 217 So. 3d 163, 164-65 (Fla. 4th DCA 2017). Congress has amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, *sex*, or national origin was *a motivating factor* for any employment practice, even

though other factors also motivated the practice' (emphasis added))"). *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012).

2. <u>Elements proven by the plaintiff</u>

<u>Element 1</u>: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

<u>Element 2</u>: The Plaintiff did not violate the work rule or he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other person outside of the protected class.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b. Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017

after the passenger boarded the bus without correct fare. Baker Palm Tran Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c.  Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

d.  Odette Powell admitted under direct examination, during deposition that she engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment." Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

e.  Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

f. Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

g. Director Forbes admitted to making the statement, "You have an African-American male leading a bus company in Palm Beach County" said Forbes. We look for the best in class first including African Americans. It's something that you have to do intentionally." in an interview conducted with WFLX on January 14, 2020. Forbes Dep. 27-28; 9-2 June 22, 2020.

Element 3: Plaintiff, as a Hispanic male, was the only person intentionally terminated for a verbal altercation involving a passenger or member of the public of those individuals identified through discovery which was more severe than any action enforced against members in other protected classes. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017. There is a de facto disparity in the treatment of the Plaintiff in comparison to non-Hispanic bus drivers in Palm Tran employ.

**V.      Plaintiff is entitled to Summary Judgment on Count V – Discrimination National Origin – Florida Civil Rights Act**

1. Burden of proof and elements

In order to establish a prima facie case of disparate treatment based on national origin, Plaintiff must establish 1) they are members of a protected class, 2) that they were subjected to disparate treatment, 3) that national origin was a motivating factor and negatively affected the terms, conditions, and privileges of employment, and 4) that defendant acted intentionally, purposefully, maliciously and/or with reckless indifference to Plaintiff's rights was treated less favorably than similarly situated employees who were not members of the protected class. *Hanley, et al. v. The Sports Authority, et al.,* 143 F. Supp. 2d 1351, 1355 (S.D. Fla. 2000). "Congress has amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, *sex,* or national origin was *a motivating factor* for any employment practice, even though other factors also motivated the practice' (emphasis added))"). *Sunbeam TV Corp. v. Mitzel,* 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012).

Title VII pertains to employment discrimination because of race, color, religion, sex and national origin. Florida courts apply federal case law interpreting Title VII. *Sunbeam TV Corp. v. Mitzel,* 83 So. 3d 865, 867 n.3 (Fla. 3d

DCA 2012). Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts. *State v. Jackson*, 650 So. 2d 24, 27 (Fla. 1995). Any changes to federal case law on Title VII interpretation necessitates a change in the interpretation of the FCRA. *Palm Beach Cty. Sch. Bd. v. Leha "bonnie" Wright*, 217 So. 3d 163, 164-65 (Fla. 4th DCA 2017). Congress has amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, *sex*, or national origin was *a motivating factor* for any employment practice, even though other factors also motivated the practice' (emphasis added))"). *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012).

3. <u>Elements proven by the plaintiff</u>

<u>Element 1</u>: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

<u>Element 2</u>: The Plaintiff was subjected to disparate treatment based upon his National Origin. Rivera, at most, engaged in conduct which was significantly less

than conduct engaged in by similarly situated individuals not in his protected class and received substantially greater punishment.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b. Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c. Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings

Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

h.  Odette Powell engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment" according to testimony provided by Director Forbes under direct examination, during deposition. Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

d.  Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

e.  Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

**VI.    Plaintiff is entitled to Summary Judgment on Count VI – Gender Discrimination Title VII**

1.  <u>Burden of proof and elements</u>

In order to establish a prima facie case of disparate treatment based on gender, Plaintiff must establish 1) they are members of a protected class, 2) that they were entitled to or qualified for their positions, 3) that Plaintiff suffered adverse employment action, and 4) that plaintiff was treated less favorably than similarly situated employees who were not members of the protected class. *Hanley, et al. v. The Sports Authority, et al.,* 143 F. Supp. 2d 1351, 1355 (S.D. Fla. 2000). Title VII pertains to employment discrimination because of race, color, religion, sex and national origin. Florida courts apply federal case law interpreting Title VII. *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 867 n.3 (Fla. 3d DCA 2012). Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts. *State v. Jackson*, 650 So. 2d 24, 27 (Fla. 1995). Any changes to federal case law on Title VII interpretation necessitates a change in the interpretation of the FCRA. *Palm Beach Cty. Sch. Bd. v. Leha "bonnie" Wright*, 217 So. 3d 163, 164-65 (Fla. 4th DCA 2017). Congress has amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color,

religion, *sex*,  or national origin was *a   motivating   factor* for  any   employment

practice,  even  though  other  factors  also  motivated  the  practice'  (emphasis

added))"). *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012).

When using circumstantial evidence, the Plaintiff has the burden "to prove, by a

preponderance of the evidence, that employer's articulated reasons for discharging

plaintiff was pretextual (see *Reeves  v.  Sanderson Plumbing Prods., Inc.*, 530 U.S.

133,  143,  120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000)). Once the employer

produces sufficient  evidence to support a nondiscriminatory  explanation  for its

decision,  the  plaintiff  must  be  afforded  the  'opportunity  to  prove  by  a

preponderance  of  the  evidence  that  the  legitimate  reasons  offered  by  the

defendant  were  not  its  true  reasons,  but  were  a  pretext  for  discrimination'

(quoting *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089,

67 L. Ed. 2d 207 (1981))); *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1081 (11th Cir.

2005). *Dep't of Child. & Fam. Servs. v. Garcia*, 911 So. 2d 171, 172-73 (Fla. 3d DCA

2005).

## 2.  Elements proven by the plaintiff

Element 1: The Defendant admitted  to the affirmative  in their answer in

response to the complaint that Plaintiff is a member of a protected class, a male of

Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

Element 2: The Plaintiff was qualified for his position. Defendant can offer no evidence that Plaintiff was not fully qualified to perform the duties of a bus driver in the employ of Palm Tran and has made no assertions as such.

Element 3: The Plaintiff suffered adverse employment action of being terminated. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017.

Element 4: The Plaintiff was treated less favorably than similarly situated employees who were not members of the protected class.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b. Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran

Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

c. Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

d. Odette Powell admitted under direct examination, during deposition that she engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment." Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

e. Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

f.  Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

g.  Director Forbes admitted to making the statement, "You have an African-American male leading a bus company in Palm Beach County" said Forbes. We look for the best in class first including African Americans. It's something that you have to do intentionally."  in an interview conducted with WFLX on January 14, 2020. Forbes Dep. 27-28; 9-2 June 22, 2020.

## VII.    Plaintiff is entitled to Summary Judgment on Count VII – Gender Discrimination Florida Civil Rights Act

1. <u>Burden of proof and elements</u>

In order to establish a prima facie case of disparate treatment based on gender, Plaintiff must establish 1) they are members of a protected class, 2) that they were entitled to or qualified for their positions, 3) that Plaintiff suffered adverse employment action, and 4) that plaintiff was treated less favorably than similarly situated employees who were not members of the protected class. *Hanley, et al. v. The Sports Authority, et al.,* 143 F. Supp. 2d 1351, 1355 (S.D. Fla. 2000). Title VII pertains to employment discrimination because of race, color, religion, sex

and national origin. Florida courts apply federal case law interpreting Title VII. *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 867 n.3 (Fla. 3d DCA 2012). Florida recognizes that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as given to the federal act in the federal courts. *State v. Jackson*, 650 So. 2d 24, 27 (Fla. 1995). Any changes to federal case law on Title VII interpretation necessitates a change in the interpretation of the FCRA. *Palm Beach Cty. Sch. Bd. v. Leha "bonnie" Wright*, 217 So. 3d 163, 164-65 (Fla. 4th DCA 2017). Congress has amended Title VII by explicitly authorizing discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment action. *See* 42 U.S.C. § 2000e-2(m) (providing that 'an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, *sex*, or national origin was *a motivating factor* for any employment practice, even though other factors also motivated the practice' (emphasis added))"). *Sunbeam TV Corp. v. Mitzel*, 83 So. 3d 865, 870-71 (Fla. 3d DCA 2012). When using circumstantial evidence, the Plaintiff has the burden "to prove, by a preponderance of the evidence, that employer's articulated reasons for discharging plaintiff was pretextual (see *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000)). Once the employer

produces sufficient evidence to support a nondiscriminatory explanation for its decision, the plaintiff must be afforded the 'opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination' (quoting *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981))); *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1081 (11th Cir. 2005). *Dep't of Child. & Fam. Servs. v. Garcia*, 911 So. 2d 171, 172-73 (Fla. 3d DCA 2005).

2.  <u>Elements proven by the plaintiff</u>

<u>Element 1</u>: The Defendant admitted to the affirmative in their answer in response to the complaint that Plaintiff is a member of a protected class, a male of Hispanic descent. ECF 21, p.1 #6 & ECF 22, p.1 #6.

<u>Element 2</u>: The Plaintiff was qualified for his position. Defendant can offer no evidence that Plaintiff was not fully qualified to perform the duties of a bus driver in the employ of Palm Tran and has made no assertions as such.

<u>Element 3</u>: The Plaintiff suffered adverse employment action of being terminated. Forbes Termination Letter 2: First paragraph/last sentence April 26, 2017.

Element 4: The Plaintiff was treated less favorably than similarly situated employees who were not members of the protected class.

a. Director Forbes, responded, "Yes" under direct examination, during deposition, when asked if he was aware that Arnaldo Guanche was involved in a fight with a passenger. Forbes Dep. 49:5-22 June 29, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. Arnaldo Guanche retired in 2018. Lewis Dep 7; 19-22 August 14, 2020. He was a white male. Lewis Dep 52-53; 19-3 August 14, 2020.

b. Defense Exhibit 9 furnished to Plaintiff as part of discovery states that Mr. Rivera was charged with violation of the Labor/Management Agreement (LMA) between Palm Tran, Inc., and the Amalgamated Transit Union, A.F. of L. – C.I.O. – C.L.C., Local 1577, Article 9, Employee Cooperation. Forbes Termination Letter 2: Paragraph 1 April 26, 2017.

c. Mike Contino's personnel file contains no mention of a fight that he was involved in with a passenger and captured on video. Lewis Dep 50; 7 August 14, 2020. Mike Contino was involved in a fight with a black male passenger on 5/9/2017 after the passenger boarded the bus without correct fare. Baker Palm Tran Supeervisor's Incident Report 1: May 9, 2017. Plaintiff gives judicial notice that Mike Contino is a white male.

d. Constance Killings admitted under direct examination, during deposition, that she received a 'last chance' agreement for being at the town center mall while it was raining and not letting passengers board the bus. She got into an altercation with the passenger that she would not let on the bus then got off the bus. Killings Dep. 23-25: 2-14. Constance Killing is a black female. Lewis Dep. 45; 10 August 14, 2020.

e. Odette Powell engaged a passenger saying "You don't pay" as the passenger boarded the bus and referring to the daughter of the passenger as "oh stupid self" and "an embarrassment" according to testimony provided by Director Forbes under direct examination, during deposition. Forbes Dep. 46-47: 1-12 June 29, 2020. Plaintiff gives judicial notice that Odette Powell is a black female.

f. Wayne White challenged a member of the public to a fight and told the member to "suck my dick" while operating a Palm Tran bus according to an acknowledgement made by Director Forbes under direct testimony during deposition. Forbes Dep. 17-19: 22-3 June 22, 2020. Plaintiff gives judicial notice that Wayne White is a black male.

g. Palm Tran has had incidents where drivers get into arguments with passengers. Lewis Dep. 55; 23 August 14, 2020. Cathy Lewis, Executive Senior

Manager of Human Resources cannot think of a single bus driver who was terminated solely based on a verbal conflict. Lewis Dep. 56; 2 August 14, 2020.

h.  Director Forbes admitted to making the statement, "You have an African-American male leading a bus company in Palm Beach County" said Forbes. We look for the best in class first including African Americans. It's something that you have to do intentionally."  in an interview conducted with WFLX on January 14, 2020. Forbes Dep. 27-28; 9-2 June 22, 2020.

## CONCLUSION

Because the Plaintiff's evidence, viewed in the light most favorable to Palm Tran, is sufficient to establish all of the elements of his claims, the Plaintiff is entitled to summary judgment on all seven claims. In addition, the undisputed evidence indicates that defendant can offer no defense to Plaintiff's claims.

Date: September 17, 2020

Respectfully submitted,

/s/ Christopher W. Cook
Christopher W. Cook, Esq.
The Torchlight Law Firm
West Palm Beach, FL 33401
FL Bar No. 117367
Tel: 888.408.6724
chriscook@torchlightlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was filed electronically through the CM/ECF E-Filing Portal system, unless otherwise noted below, on all counsel or parties of record listed below , this 17th day of September 2020.

**Service List**

Jason Tracey, Esq.
Palm Beach County Attorney's Office
Litigation Section
300 N. Dixie Hwy, Suite 359
West Palm Beach, FL 33401
Email: JTracey@Pbcgov.org
       MJCullen@pbcgov.org
       AAirey@pbcgov.org