**IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 19-81111-CIV-ROSENBERG/REINHART

JOSE RIVERA,

  Plaintiff,

v.

PALM BEACH COUNTY

  Defendant.

_____/

**DEFENDANT'S, PALM BEACH COUNTY, MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

  Defendant, PALM BEACH COUNTY, hereby files this Memorandum of Law in Response to Plaintiff's Motion for Summary Judgment, and states in support thereof as follows:

  Plaintiff alleges the same adverse actions under each of the Counts I through VII. DE 66. "Employment discrimination claims all require proof of discriminatory intent." *Trask*, 822 F.3d at 1191. "It is not enough for the employee merely to complain about a certain policy or certain behavior of co-workers and rely on the employer to infer that discrimination has occurred." *Webb v. R & B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla. 1998).

  Plaintiff fails to show discrimination or rebut Defendant's legitimate non-discriminatory reason for Plaintiff's termination by establishing pretext. Significantly, Plaintiff's Motion for Summary Judgment lists several individuals alleged to be similarly situated to the Hispanic, Puerto Rican, male Plaintiff; White males, Black males and Black females. DE 66. Plaintiff also unsuccessfully attempts to identify a valid comparator. Plaintiff asserts discrimination yet fails to identify a single comparator who was treated favorably based on race, national origin or gender.

  Thus, Plaintiff's conclusory assertions and unsubstantiated speculations are insufficient to withstand summary judgment. *Gooden*, 679 Fed. Appx. at 968. He also fails to show that these alleged employees' discipline was based on unlawful discrimination or that he participated in nearly identical conduct and was treated differently.

To be a valid comparator, the person must have engaged in "nearly identical" conduct to the conduct that precipitated the plaintiff's adverse employment action. *Maniccia v. Brown*, 171 F.3d 1364, 1368–69 (11th Cir.1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."). If "[n]on-discriminatory differences just as readily explain the difference in treatment," which is to say if the Plaintiff and the proffered comparators were treated differently because the employer believed they did, in fact, engage in different conduct, no inference of discrimination is created. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1186–87 (11th Cir.1984) (citing *Chescheir v. Liberty Mut. Ins. Co.*, 713 F.2d 1142, 1148 (5th Cir.1983). Although the "nearly identical" standard is often difficult to meet, absent "conduct [that is] so unfairly discriminatory that no reasonable person would find it non-actionable," Plaintiff must meet this standard in order to establish a prima facie case. *McCann v. Tillman*, 526 F.3d 1370, 1374 (11th Cir.2008).

**COMPARATORS**

1. Andres Robinson

At no time, does Plaintiff contend that Mr. Robinson ever engaged in a verbal assault toward a passenger or threaten a passenger with violence. Plaintiff presents no evidence in his Motion for Summary Judgment, the sole claims alleged by Plaintiff is that Mr. Robinson had accidents, several traffic infractions and violated Palm Tran's Substance Abuse Policy. DE 66.

As such, this was not a case where Mr. Robinson left the driver's seat on the bus, removed his Palm Tran bus operator identification credentials and initiated a profanity laced verbal attack threatening a passenger with violence. Accidents, traffic infractions and a violation of Palm Tran's Substance Abuse Policy fails to be a "similarly situated" comparison with the Plaintiff's blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Andres Robinson.

2. Arnaldo Guanche

Mr. Guanche was the victim of a battery when a passenger committed physical criminal acts of violence against him, this fails to be a "similarly situated" comparator to the Plaintiff whose blatant misconduct of cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers, including a child. Ex. 15, Arnaldo

Guanche Palm Tran Accident/Incident Report. This was not the case where Mr. Guanche left the driver's seat on the bus, removed his Palm Tran bus operator identification credentials and initiated a profanity laced verbal attack threatening a passenger with violence. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Arnaldo Guanche. Plaintiff's conclusory assertions and unsubstantiated speculations are insufficient to withstand summary judgment. Gooden, 679 Fed. Appx. at 968.

### 3. Meredith Collins

As it relates to Meredith Collins, she was not involved in a battery as confirmed by both the State Attorney's Office and Former Senior Operations Manager, Betty Barrow 's investigation. Ex. 12, Arbitration Order, p. 25. Instead, Ms. Collins leaving her bus that had no passengers aboard, nor did any passengers observe the incident of her grabbing of a cellphone from her boyfriend fails to be a "similarly situated" comparator to the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. This was not a case where Ms. Collins left the driver's seat on the bus, removed her Palm Tran bus operator identification credentials and initiated a profanity laced verbal attack threatening a passenger with violence. She was not involved in the nearly identical conduct required to serve as a valid comparator. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Meredith Collins.

### 4. Michael Contino

Plaintiff contends that Michael Contino, a white male, while operating a Palm Tran bus fought a passenger and was not terminated. DE 66. This was not a case wherein the bus operator committed a battery, as confirmed by Palm Tran's investigation. Ex. 21, Palm Tran Supervisor's Incident Report. Instead, Mr. Contino was the victim of a battery wherein a passenger spit and struck him in the face. Ex. 21, Palm Tran Supervisor's Incident Report. This instance fails to be a "similarly situated" comparator to the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Michael Contino. Again, Plaintiff's conclusory assertions and unsubstantiated speculations are insufficient to withstand summary judgment. Gooden, 679 Fed. Appx. at 968.

5. Wayne E. White

Plaintiff contends Wayne E. White, a black male, got into an argument and challenged a member of the public to a fistfight; and was given a three day suspension. DE 66. Mr. White's conduct, while using profanity and telling the motorist to meet him in the bus yard, it never reached the egregious level of this operator leaving his seat and the bus to fight a customer. This was not a case where Mr. White left the driver's seat on the bus, removed his Palm Tran bus operator identification credentials and initiated a profanity laced verbal attack threatening a passenger with violence. Mr. White's incident and the disciplinary decision occurred well after the Plaintiff's incident of March 7, 2017 and the decision to terminate on April 10, 2017. Ex. 12, Arbitration Order, p. 26-27.

As such, Mr. White is not a "similarly situated" comparator to the Plaintiff blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers and a child. He was not involved in the nearly identical conduct required to serve as a valid comparator. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Wayne White.

6. Michael J. Wallace

Plaintiff contends Michael J. Wallace, a black male, had an extensive criminal history and was hired by Palm Tran. DE 66. At no point does Plaintiff allege Mr. Wallace engaged in criminal activity while working at Palm Tran. Plaintiff does not allege that Mr. Wallace engaged in a verbal altercation or threaten a passenger with physical violence as is the case with Plaintiff. He was not involved in the nearly identical conduct required to serve as a valid comparator. Mr. Wallace is not a "similarly situated" comparator to the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Michael Wallace.

7. Connie Killings

Plaintiff alleges Constance Killings, a black female, was involved in verbal altercations while at work; Palm Tran terminated then rehired Ms. Killings. DE 66. On October 28, 2002, Constance Killings was terminated due to excessive absenteeism; thereafter, on June 23, 2004, Ms. Killings was rehired per a Last Chance Agreement. Ex. 18, Constance Killings Personnel Action Form. Plaintiff presents no evidence of Ms. Killings engaging in a verbal altercation or

threatening a passenger with physical violence as is the case with Plaintiff. This was not a case where Ms. Killings left the driver's seat on the bus, removed her Palm Tran bus operator identification credentials and initiated a profanity laced verbal attack threatening a passenger with violence. To the contrary, the evidence shows the verbal altercation alleged by Plaintiff are related to that of an argument with a co-worker while in the Palm Tran facility and not aboard a Palm Tran bus or in the presence of passengers.

Ms. Killings is not a "similarly situated" comparator to the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. She was not involved in the nearly identical conduct required to serve as a valid comparator. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Constance Killings.

8. <u>Casandra Bradley-Daniels</u>

Plaintiff alleges Casandra Bradley-Daniels, a black female, was involved in verbal altercations while working at Palm Tran and received a verbal warning from Director Clinton Forbes. DE 66. Plaintiff suggests Ms. Killings was involved in verbal altercations similar to that of Plaintiff. DE 66. However, there is no evidence of Ms. Bradley-Daniels engaging in a verbal altercation or threatening a passenger with physical violence as is the case with Plaintiff. To the contrary, the evidence shows the verbal altercation alleged by Plaintiff are related to that of an argument with a co-worker while in the Palm Tran facility and not aboard a Palm Tran bus or in the presence of passengers. Ex. 5, Forbes deposition, p. 42/lines 4-19. Ms. Bradley-Daniels is not a "similarly situated" comparator to the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. She was not involved in the nearly identical conduct required to serve as a valid comparator. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Casandra Bradley-Daniels.

9. <u>Odette Powell</u>

Plaintiff alleges that Ms. Powell referred to a passenger's daughter as "oh stupid self" and an "embarrassment". DE 66. At no point does Plaintiff allege or make mention that Ms. Powell engaged in a verbal altercation or threaten a passenger with physical violence as is the case with Plaintiff. There is no evidence of any behavior where Ms. Powell left her seat to engage in a threat of physical violence toward a passenger. Ms. Powell is not a "similarly situated" comparator to

5

the Plaintiff whose blatant misconduct, i.e., cursing, threatening, and leaving his seat and the bus so he could mount a fight with a passenger in plain view of other passengers. She was not involved in the nearly identical conduct required to serve as a valid comparator. This then is not a valid comparison for disparate treatment, therefore Plaintiff fails to establish a valid comparator with Odette Powell.

"Title VII is not designed to make federal courts sit as a super-personnel department that reexamines an entity's business decisions." *Id*. at 1245 (internal citations omitted). An employee's subjective conclusions about the employer's intentions are not enough to create a genuine issue on pretext. *Gooden v. IRS*, 679 Fed. Appx. 958, 968 (11th Cir. 2017) (unpublished); *Alvarez v. Royal Alt. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (employee's beliefs, whether about his own qualifications or the wisdom of the employer's decision, are largely irrelevant). A reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (citation and emphasis omitted). Plaintiff's subjective conclusions and beliefs concerning co-workers' discipline or their failure to be discipline fails to establish pretext.

The comparators relied on by Plaintiff all fail to meet these disparate treatment standards. Most significant is that none of them violated the most egregious of all the Plaintiff's violations, i.e. Section 7.17 of the Bus Operator Handbook which states, "Operators should not leave their seat for verbal or physical interactions with passengers or the general public except in self-defense". Ex. 10, Bus Operator Handbook, p. 31. Here, Plaintiff not only left his seat, but took off his identification badge and then left the bus with passengers onboard while hurling threats of physical violence coupled with cursing and leaving his seat and the bus to mount a fight with a passenger in plain view of other passengers, some of whom were trying to board the bus. Plaintiff's conduct provides further evidence that the conduct and/or perceived violations of his co-workers are not the same and therefore not valid comparators.

## **CONCLUSION**

**WHEREFORE**, based upon the forgoing, the County respectfully request that the Court enter an order denying Plaintiff's Motion for Summary Judgment and any relief the Court deems just and proper.

Respectfully Submitted,

___*/s/ Jason Tracey*_____
Jason Tracey, Esquire
Assistant County Attorney
Attorney for Palm Beach County
Florida Bar No. 13063

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the authorized CM/ECF filers.

___*/s/ Jason Tracey*_____
Jason Tracey, Esquire
Assistant County Attorney
Attorney for Palm Beach County
Florida Bar No. 13063
Litigation Section
300 North Dixie Highway, Third Floor
West Palm Beach, Florida 33401
Tel.: (561) 355-2529/  Fax: (561) 355-4234
Primary Email: jtracey@pbcgov.org
Secondary Email: aairey@pbcgov.org
mjcullen@pbcgov.org